McGean agt. MacKeller *et al.*

## N. Y. SUPERIOR COURT.

McGEAN, &c., appellant, agt. MacKELLER *et al.*, respondents.

*Undertakings on appeal — When may be given by corporation — When not to be accepted — Code of Civil Procedure; section 1326.*

Where a plaintiff, desiring to appeal to the court of appeals, presents an undertaking executed by a corporation claiming authority under chapter 486, Laws of 1881, to guaranty the fulfillment of the conditions of undertakings on appeal, he should himself execute the undertaking.

Although the company guarantying the fulfillment of the conditions of the undertaking may be in the condition described in section 3, it is the duty of the judge in each particular case to exercise his discretion as to whether the actual state of the company's business justifies the approval of the undertaking. Such approval is entirely in his discretion.

*Special Term, August,* 1884.

O'GORMAN, *J.*—The plaintiff desiring to appeal to the court of appeals, presents for my approval an undertaking executed by a corporation claiming authority under chapter 486, Laws of 1881, to guaranty the fulfillment of the conditions of undertakings on appeal. The counsel for the respondent objects to the undertaking of this corporation, as now offered, on the grounds :

*First.* Because it is not given by the appellant.

*Second.* Because the examination of the secretary of the corporation does not show that its liabilities do not exceed its assets.

The first of these objections should, in my opinion, be sustained. The appellant himself should execute the undertaking on appeal, and his undertaking may, according to the provisions of section 1, chapter 486, Laws of 1881, be accepted by the officer on whom is imposed the duty of approving of such undertakings, " whenever the conditions of such undertaking are guaranteed by the corporation."

The provisions of section 811 of the Code of Civil Procedure do not seem to me to apply to cases of this kind.

The second and more important objection is, whether on the evidence before me in this case, and in the exercise of the judicial discretion which in each case it is my duty to exercise, I should approve of the undertaking offered, as a sufficient compliance with section 1326 of the Code of Civil Procedure.

By section 1 of the act of 1881, above referred to, provision is made for justification on the part of the company, through its officers, as required by law of other sureties. It is provided by section 2 that the guaranty of any such company shall not be accepted whenever its liabilities shall exceed its assets, as ascertained in the manner provided in section 3 of the act. The " manner provided " in section 3 is that the outstanding indebtedness shall be charged as liabilities.

Following this manner of ascertaining the liabilities of the company, and in strict and technical accordance with the terms of said sections 2 and 3, the secretary had stated figures showing a surplus of assets in the company of $105,122.29.

It is in evidence, however, that this company has been in the habit, not only of guaranteeing bonds and undertakings on appeal and the fidelty of public and private officers, but has also issued policies of insurance against accidents endangering human life, against breakages of plate glass, against explosions of boilers, &c.; and how many of such policies have been issued and are now in force, and what is the aggregate amount of risks thus incurred and the amount of liabilities therefor, the secretary in his examination was unable to state, and I am not informed.

In the case of *Earle* agt. *Earle*, decided by the general term of this court, in which case the questions now before me were considered, the court says : " Although the company may be in the condition described in section 3, it is the duty of the judge in each particular case to exercise his discretion as to whether the actual state of the company's business justifies the approval of the undertaking."

Following that rule, in the propriety of which I concurred, I find myself in this particular case without sufficient information as to the actual state of the company's business, and therefore unable to approve of their undertaking.